1  Blake E. Wilson, ESQ. SBN: 279672
   BLAKE WILSON LAW GROUP
2  555 South Corona Mall
   Corona, CA  92879
3  (951) 880-1867 Tel
   (951) 346-3360 Fax
4  Email: bwilson@blakewilsonlawgroup.com

5  *Attorney for Plaintiff*
6  *Miguel Chavez*

7

8

## UNITED STATES DISTRICT COURT
## CENTRAL  DISTRICT OF CALIFORNIA

10

11  MIGUEL CHAVEZ, an Individual,       )   CASE NO:  **SACV 13-00008 JST (RNBx)**
12                  Plaintiff            )
13                                       )   **VERIFIED COMPLAINT**
                    vs.                  )
14                                       )   1. DECLARATORY RELIEF (VOID OR
    BANK OF AMERICA                      )      VOIDABLE CONTRACT)
15  CORPORATION, a Delaware             )   2. FRAUD
16  Corporation as Successor in Interest )   3. WILLFUL AND OPPRESSIVE
    for COUNTRYWIDE HOME                )      FORECLOSURE
17  LOANS, INC., doing business as      )   4. SLANDER OF TITLE
18  RECONTRUST COMPANY, N.A.;           )   5. QUIET TITLE
19                                       )   6. CANCELLATION OF TRUSTEE
    THE BANK OF NEW YORK, a            )      DEED UPON SALE UNDER CCP §
20  New York Corporation FKA THE        )      3412
    BANK OF NEW YORK MELLON             )   7. VIOLATION OF 15 U.S.C. 1641(F)(2)
21  as Successor Trustee to             )   8. VIOLATION OF CA. BUS. & PROF.
22  JPMORGAN CHASE BANK, N.A.,          )      CODE §17200
    as Trustee for the Holders OFSAMI   )   9. INJUNCTIVE RELIEF
23  II  TRUST 2006-AR7,                 )   10. WRONGFUL EVICTION
24  MORTGAGE PASS-THROUGH               )
    CERTIFICATES, SERIES 2006-          )   **JURY TRIAL REQUESTED**
25  AR7;                                 )
26                                       )
    MORTGAGE ELECTRONIC                 )
27  REGISTRATION SYSTEMS,               )
28  INC., a Delaware Corporation;       )

1

DOES 1 THROUGH 100 )
INCLUSIVE, )
)
    Defendants )

---

## I. COMPLAINT

Plaintiff, MIGUEL CHAVEZ, hereby files this Complaint for DECLARATORY RELIEF (VOID OR VOIDABLE CONTRACT), FRAUD, WILLFUL AND OPPRESSIVE FORECLOSURE, SLANDER OF TITLE, QUIET TITLE, CANCELLATION OF TRUSTEE DEED UPON SALE UNDER CCP §3412, VIOLATION OF 15 U.S.C. 1641(F)(2), VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, INJUNCTIVE RELIEF and WRONGFUL EVICTION, against BANK OF AMERICA CORPORATION, a Delaware Corporation as Successor in Interest for COUNTRYWIDE HOME LOANS, INC., doing business as RECONTRUST COMPANY, N.A. (hereinafter referred to as BOFA); THE BANK OF NEW YORK, a New York Corporation; FKA THE BANK OF NEW YORK MELLON as Successor Trustee to JPMORGAN CHASE BANK, N.A., as Trustee for the Holders OFSAMI II TRUST 3006-AR7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR7 (hereinafter referred to as BNY); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation (hereinafter referred to as MERS); AND DOES 1 THROUGH 100 INCLUSIVE. This lawsuit is in connection with the real property located at 23605 Via Aguila, Trabuco Canyon, CA 92679 and the underlying mortgage loan (the Subject Property).

## II. STATEMENT OF THE CASE

1.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

2.   Defendants, and their agents, officers, employees, and affiliated or associated parties have engaged in, and continue to engage in, a pattern of unlawful, fraudulent or unfair foreclosure practices causing victims of their actions, including Plaintiff herein, to lose his home through the foreclosure process because of the unlawful practices on the part of said Defendants within consists of, but are not limited to: (a) failing to provide proper and lawful foreclosure procedures as required by law, such as *California Civil Code* §2923.5, and *California Civil Code* §2934(a); and (b) charging excessive foreclosure fees, and other costs to Plaintiff that have no reasonable value basis to the services actually performed by said Defendants.

3.   Plaintiff is informed and believes that Defendants are some random third parties, trustees, unknown to the Plaintiff and are posing in some sort of capacity as a "legal trustee," when in fact the actual trustee, was, and still is "United Title Company" (UTC), which is an unknown entity named as the trustee in the original deed of trust and note recorded on July 17, 2006, which is the foreclosing Deed of Trust and note. There is no record of any recorded assignment of beneficial interest from the named beneficiary MERS to RECONTRUST COMPANY, N.A.

4.   On or about July 17, 2006, Plaintiff obtained a 30 year loan, with an initial

3

interest rate of 8.75% in the amount of $824,000.00 that was funded by COUNTRYWIDE HOME LOANS, INC. MERS was named as the actual beneficiary under said Deed of Trust funded and recorded and the original trustee on said deed of trust and note is listed as RECONTRUST COMPANY, N.A.

5.     Neither successor beneficiaries, nor lender COUNTRYWIDE HOME LOANS, INC. nor even Defendants BOFA, BNY or MERS have ever recorded and noticed a Substitution of Trustee naming current foreclosing entity RECONTRUST COMPANY, N.A. as the duly acknowledged and recorded new trustee. Even if Defendants were able to produce some type of Substitution of Trustee executed, that substitution of trustee is null and void because of the requirements stated in *California Civil Code* §2934(a) as to what must happen prior to the foreclosure process and the other lawful assignments to the Deed of Trust and note.

6.     The Trustee on the Deed of Trust has no financial stake in the transaction and no interest other than executing a fraudulent foreclosure, where they lack the legal standing to even do so. The trustee sale date is scheduled on December 31st, 2012 and should be stopped. Plaintiff does qualify for a loan restructure and modification according to all guidelines that exist. Plaintiff makes a consistent and steady income. Plaintiff is exasperated and frustrated by the many attempts he made directly with DEFENDANTS and with DOE Defendants to work out his foreclosure situation.

7.     Not only are Defendants' conduct a *criminal violation* of California's

4

Mortgage Fraud Statute, Cal. Penal Code §532 (f)(a)(4) [1], and an affront to long-standing property laws, but their reliance on fabricated and forged documents undermines the integrity of the judicial system. Through this action, Plaintiff seeks to stop Defendants' fraudulent practices.

8.     Further, the underlying mortgage loan is riddled with so much collusion, fraud, adhesion and, more importantly, is based on an inflated and fraudulent appraisal such that it renders the contract void or voidable. The main Defendants, who invariably will be represented by the same law firm (despite the obvious and flagrant conflict of interest). Through this lawsuit, Plaintiff will expose all of the Defendants' fraudulent, collusive and unfair business practices from the *inception* of the contract to the current "servicing" of same.

## III. JURISDICTION, VENUE AND GOVERNING LAW

9.     This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §1332 (diversity of parties) and 28 U.S.C. §2201(a) (declaratory relief). Subject matter is further conferred upon by 28 U.S.C. §1331 because it involves federal questions regarding interpretation and proper application of 15 U.S.C. 1641(F)(2)

10.    This Court has supplemental jurisdiction over Plaintiff's state law claims

---

1 Cal. Penal Code §523(f)(a) provides that "a person comments mortgage fraud if, with the intent to defraud, the person does any of the following…(4) files or causes to be filed with the recorder of any county in connection with a mortgage loan transaction any document the person knows to contain a deliberate misstatement, misrepresentation, or omission."

pursuant to 28 U.S.C. §1367.

11.     Venue is proper in the Santa Ana branch of this Court pursuant to 28 U.S.C. §1391(b)(2) and local rules, because the subject Real Property is located in Orange County, California.

12.     The Deed of Trust is governed by the laws of the State of California and federal law; the relevant Pooling and Servicing Agreement and Trust Agreement are governed by the laws of the State of California

### IV. THE PARTIES

13.     Defendant **BANK OF AMERICA CORPORATION,** a Delaware Corporation as Successor in Interest for COUNTRYWIDE HOME LOANS, INC., doing business as RECONTRUST COMPANY, N.A. (hereinafter referred to as **BOFA)** is registered with the California Secretary of State with its principal place of business located 150 N. College Street, Charlotte, NC 28255, with its agent for service of process listed as CT Corporation located at 818 W. Seventh Street, Los Angeles, CA 90017. At all times referenced herein, said Defendants purported to have authority to conduct business within the State of California, and conducted business within the County of Orange on a regular basis.

14. Defendant **THE BANK OF NEW YORK,** a New York Corporation; FKA THE BANK OF NEW YORK MELLON as Successor Trustee to JPMORGAN CHASE BANK, N.A., as Trustee for the Holders OFSAME II TRUST 2006-AR7,

MORTGAGE PASS-THROUGH CERTIFICTES, SERIES 2006-AR7 (hereinafter referred to as **BNY**); is registered with the California Secretary of State, and is listed as its principal place of business being located at One Wall Street, New York, NY 10286, and has as its agent for service of process being CT Corporation System located at 818 West Seventh Street, Los Angeles, CA 90017. At all times referenced herein, said Defendant purported to have authority to conduct business within the State of California, and conducted business within the County of Orange on a regular basis.

15.     Defendant     **MORTGAGE     ELECTRONIC     REGISTRATION SYSTEMS, INC.,** a Delaware Corporation (hereinafter referred to as **MERS**), is registered with the California Secretary of State and is listed as its principal business address as being located at 1818 Library Street, Suite 300, Reston, VA 20190 and the agent for service of process is named as Genpact Registered Agent, Inc. located at 15420 Laguna Canyon Road, Suite 100, Irvine, CA 92618. At all times referenced herein, said Defendant purported to have authority to conduct business within the State of California, and conducted business within the County of Orange on a regular basis.

16.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as **DOES 1 THROUGH 100 INCLUSIVE** and, therefore, sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon allege each of the fictitiously named defendants are responsible in some

manner for the injuries to Plaintiff alleged herein, and that such injuries as herein alleged were proximately caused by such defendants.

17. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, that each of the defendants were the agents, employees, partners, joint venturers, successors or predecessors in interest, owners, principals, and employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency, partnership, employment, ownership, or joint venture. Plaintiff is further informed and believe and based thereon allege that the acts and conduct herein alleged of each such Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

18. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity.

19. As a result of their mortgage activities, Defendants and each of them are and were subject to and must comply with various laws and regulations which they intentionally and willfully ignored, violated and disregarded, to the detriment of

Plaintiff.

## V. FIRST CAUSE OF ACTION
## DECLARATORY RELIEF (VOID OR VOIDABLE CONTRACT)
## (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE)

20.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

21.    An actual controversy has arisen and now exists between Plaintiff and Defendants, regarding their respective rights and duties concerning the status and validity of the loan and Promissory Note, the Deed of trust, nominated beneficiaries on the Deed of Trust, actual beneficiaries, loan servicers, and the foreclosure process in that Plaintiff contends that Defendants did not have the right to foreclose on the Subject Property because Defendants did not have possession of the original Promissory Note, nor did they own it or possess any rights as beneficiary, nor were they named beneficiaries, and or trustees, and that the purported power of sale contained in the Deed of Trust no longer applies, pursuant to California Civil Code.

22.    Plaintiff requests that this Court find that the purported power of sale contained in the Deed of Trust is of no force and effect because Defendants' security interest in the Subject Property has been rendered void. Plaintiff further requests that the title to the Subject  Property be re-conveyed to Plaintiff, as the result of this unlawful foreclosure  that transpired because of the fraud that was perpetrated against the Plaintiffs.

9

23.    Plaintiff further requests that this Court find that the Defendants were not the holders in due course of the Promissory Note that foreclosed.

24.    A judicial declaration is necessary and appropriate at this time and, under these circumstances in order, so that the Plaintiff may ascertain his rights and duties and so that this Court can stop the trustee sale and unlawful transfer of title that is scheduled on December 31st, 2012.

25.    As a result of the actions of Defendants, Plaintiff has suffered damages according to proof and seeks declaratory relief that Defendants did not have a right to foreclose and that Defendants' purported power of sale in the Deed of Trust was void and had no force or effect against the Subject Property.

26.    Defendants' actions in this matter have been willful and knowing.

WHEREFORE, Plaintiff prays for relief as set forth below.

## VI. SECOND CAUSE OF ACTION
### FRAUD
### (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE)

27.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

28.    California Civil Code § 1572 states that fraud exists when any of the following acts and situations occur. Actual fraud consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party:

a. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; second, the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; third, the suppression of that which is true, by one having knowledge or belief of the fact; fourth, a promise made without having any intention of performing it; or any other act fitted to deceive.

29.     Defendants, and or Doe Defendants, and their agents/employees committed fraud by purposefully evading the use of Plaintiff's true income which Plaintiff had readily given and supplied to said defendants. COUNTRYWIDE, its employees/agents, fraudulently inflated Plaintiff's income on Plaintiff's 1003 loan application to a level that would allow Plaintiff to qualify for the loan in blatant disregard of their role in the real estate transaction, i.e. to determine whether or not it was appropriate for Plaintiff to be extended the particular loan products they were offering, and to obtain and verify documentation to support the extension of the loan; to thoroughly evaluate the credit worthiness of the Plaintiffs, and various risk factors associated with the possibility of providing the loan; and to guide and direct Plaintiff through the process of determining what loans were best suited for his personal financial status. Plaintiff's real income was disclosed to defendants.

30.     Defendants committed fraud by violating California Civil Code Section 2924 et seq. in demanding sums they were not entitled to. Defendants, and each of them, intentionally, willfully, and with complete and total disregard of the obvious ramifications that would befall Plaintiff, extorted large quantities of money by

overcharging Plaintiff for costs and fees in connection with the loan for the sole purpose of financial gain, to the detriment of the Plaintiff. The "yield spread premium fee" paid, was paid because of steering Plaintiff into a "higher than the "current prevailing interest rate" on the loan product, and or, the predatory loan in itself, which was discovered paid a very handsome yield spread for just selling the type of loan this was. The negative amortization pay option arm loan, as this was, is the ugliest of ugly predatory loans and has been the demise of not only countless thousands of homeowners, but many banks and financial institutions as well, such as Washington Mutual, Countrywide Home Loans, World Savings, Wachovia Bank and more.

31.     Plaintiff relied upon the guidance of the professionally trained Defendants, and each of them, to assist them in the preparation of applying for this loan, and had no reason to believe that the Defendants, and each of them, would blatantly lie and deceive him.

32.     Defendants, and each of them, targeted Plaintiff, lured him into accepting completely unsuitable loan products, fabricated, falsified, and fraudulently inflated the income of Plaintiff to the point they would conveniently be "qualified", overcharged him for costs and fees, and left him to figuratively drown in a sea of increasing loan payments that included over $123,600.00 in "negative interest" on a principal unpaid balance of $824,000.00 that was added to said balance, and then refused to even discuss modification of the loan in order to help Plaintiff get out of a situation that

Defendants themselves created, in blatant disregard to California legislation which specifically requires that they do whatever is reasonable to avoid foreclosure. Defendants were part of an elaborate securitization Wall Street scheme that not only cost the Plaintiff his home, but cost the US Taxpayers trillions of dollars in the long run. In this instance MERS was named as the beneficiary and COUNTRYWIDE HOME LOANS, INC. as the lender. A recorded and fraudulent assignment of MERS was executed naming defendant BNY as the recipient of all beneficial interest to that note and particular deed of trust. Said securitized note was pooled in a Wall Street investment pool and publicly traded and sold to stockholders who bought into this. Upon default of the securitized tranche of notes an insurance claim would then be filed with insurance giants such as AIG and others who insured these, and the underlying mortgages in said tranche would be paid in full. This is exactly what happened in this instance. Defendants have thereby been collecting, double dipping on profits, and are intent on foreclosing on a note that may have been paid in full.

33.     Defendants' action in this matter has been willful and knowing or with complete and reckless disregard of the emotional or financial ramifications that would surely befall Plaintiff.

34.     Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants and each of them.

WHEREFORE, Plaintiff prays for relief as set forth below.

## VII. THIRD CAUSE OF ACTION
### WILLFUL AND OPPRESSIVE FORECLOSURE
### (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE)

35.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

36.    Defendants, and DOE defendants, and each of them, owe Plaintiff a duty to utilize reasonable skill and diligence to conduct a foreclosure and foreclosure sale that is not illegal, fraudulent or willfully oppressive.

37.    Plaintiff is informed and believes and thereon allege that Defendants, and DOE Defendants, and each of them, by virtue of their education, training, experience and professional standing in the foreclosure arena, knew, or should have known, when recording the notice of Default and Notice of Trustee Sale, that there was no legal substitution of trustee executed on the original Trust Deed recorded by the beneficiary of record, entity, and, thereby, the instant foreclosure was illegal, pursuant to the statutory dictates of *California Civil Code section 2932.5* and *2934a*.

38.    Plaintiff is informed and believes and thereon alleges that Defendants' wrongfully   filed the Notice of Default in knowing and in conscious disregard for Plaintiffs' rights, and said conduct constitutes malice and oppression as defined in *California Civil Code Section 3294*.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

## VIII.  FOURTH CAUSE OF ACTION
### SLANDER OF TITLE
### (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE)

39.     Plaintiff re-alleges and hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

40.     The tort of Slander of Title involves the action of one who, without a privilege or without justification to do so, publishes matter, which is untrue and disparaging to another's property in land.

41.     Defendant BNY including Doe Defendants purportedly acting as the agent of the "current" beneficiary of the Deed, RECONTRUST COMPANY, N.A. wrongfully and without privilege caused a Notice of Default to be recorded against the Property.

42.     Later, RECONTRUST and one or more of the Defendants, including Doe Defendants purportedly acting as the agent of the "current" beneficiary of the Deed of Trust BNY wrongfully and without privilege, caused said Notice of Default to be served on Plaintiff.

43.     By doing the acts described above, Defendants, including Doe Defendants slandered Plaintiff's title to the Property because California Civil Code section 2924(a)(1)(c) was violated, and such acts were not privileged.

44.     Pursuant to, among others, California Civil Code section 2924(a)(1)(C) only the actual beneficiary of a Deed of Trust or its assignee may cause to be recorded

against real property either a Notice of Default or commence with a Trustee Sale. Said assignment of beneficial interest to Defendant BNY has not been lawfully executed, but yet they executed the trustee sale anyway. Only the holder and real party of interest in California can foreclose. This cannot be achieved by a mere paper shuffle between entities, without due process of California Statutes and Law. In fact, it is the stockholders, if any at all, each and every one of them, on this publicly traded securitized instrument that should have initiated the foreclosure, not the defendants in this case.

45.   None of the Defendants, including Doe Defendants have proof that they were, or are the holders, or recorded beneficiaries, or recorded and acknowledged trustee of the deed of trust and note.

46.   The conduct of Defendants, and each of them, was deliberate, wilful, purposeful, done with blatant disregard of the financial and emotional ramifications that would surely befall Plaintiff as a result of their conscious acts and omissions, and was a proximate cause of Plaintiff suffering damages in an amount to be proven at trial.

47.   Because Plaintiff's damages were the result of the unprotected and unlawful conduct and acts of Defendants, including Doe Defendants, Plaintiff is entitled to recover damages in an amount to be proven at trial against Defendants, including Doe Defendants.

WHEREFORE, Plaintiff prays for relief as set forth below.

## IX.  FIFTH CAUSE OF ACTION
## QUIET TITLE
## (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE)

48.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49.     Plaintiff seeks to quiet title against the claims of all Defendants, and DOE defendants.   Defendants' claims are without any right and Defendants, and DOE Defendants have no title, estate, lien, or interest in the subject property in that purported power of sale contained in the Deed of Trust is of no force and effect because Defendants' failure to comply with the provisions set forth in California Law. Plaintiff desires, and is entitled to a judicial declaration quieting title in the name of Plaintiff with regards to this foreclosure and unlawful transfer of title that transpired.

50.     Tender of the full outstanding debt <u>is not required</u> as observed by a recent case analyzing the tender requirement: "The Court is unaware of any case holding there is a bright-line rule requiring tender of the unpaid debt to set aside a sale..." and, tender is a "matter of discretion left up to the Court." Moreover, even if tender were expressly required anywhere, there is no requirement that successful tender be plead because, "at the procedural stage the Court only decides whether Plaintiffs have pleaded 'enough facts to state a claim to relief that is plausible on its face.' " *Id.* (citing *Bell Atl. Corp. v. Twombly*, (2007) 550 U.S. 544, 570). This view is not a recent

anomaly: "It is certainly not the law that an offer to pay the debt must be made, where it would be inequitable to exact such offer of the party complaining of the sale." *Humboldt Sav. Bank v. McCleverty,(1911)* 161 Cal. 285, 291; *see also, Onofrio v. Rice,* (1997) 55 Cal.App.4th 413, 424.

WHEREFORE, Plaintiff prays for relief as set forth below.

## X.  SIXTH CAUSE OF ACTION
## CANCELLATION OF TRUSTEE DEED UPON SALE UNDER CCP §3412
## (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE)

51.    Plaintiff re-alleges and hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

52.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53.    Based on information and belief, Plaintiff alleges that Defendants, and DOE defendants, and each of them, violated California Civil Codes 2923.5 and 2934(a) through mistake and fraud by engaging in deceptive practices as alleged herein. The assignment from MERS to BNY is fraudulent. The one showing recorded in` public records is a robo-signed MERS document and as phony as it gets.

54.    The active misrepresentations, mistakes, negligence of Defendants, and DOE Defendants, and each of them, and their silence and deceit, were false and fraudulent.

55.    As a result of Defendants' actions, this foreclosure should be cancelled

completely.

56.    Plaintiff has a right to bring this cause of action as to *California Civil Code* section *Cal. Civ. Code* §3412 states:

> "A written instrument, in respect to which there is a
> reasonable apprehension that if left outstanding it may cause
> serious injury to a person against whom it is void or voidable,
> may, upon his application, be so adjudged, and ordered to be
> delivered up or canceled".

57.    Defendants and each of them wrongfully filed a Notice of Default  and subsequent Notice of Trustee's Sale. The foreclosure is scheduled on December 31st, 2012 and the trustee's deed will be executed. Defendants breached all Federal and California State mortgage assistance programs and failed to comply with statutorily notice requirements. Defendant BOFA has never even offered the Plaintiff a HAMP II loan modification application, nor did they volunteer assistance according to the Department of Justice lawsuit and settlement where Bank of America was a defendant. By this Complaint, Plaintiff urges this Court to cancel the recorded instruments upon sale; and prays for a declaratory judgment canceling the Trustees Deed Upon Sale, upon such a sale, and offer to restore everything of value Plaintiff received from Defendants, and DOE Defendants minus all damages caused to Plaintiff. Defendants are clearly "double dipping" where they are collecting proceeds on a securitized

tranche of mortgage backed securities owned by stockholders, and from foreclosure profits, on something they have no legal rights to. The conduct of Defendants, and DOE Defendants and each of them manifested an intentional misrepresentation, deceit, or concealment of material facts known to the Defendants with the intention thereby of depriving Plaintiff of his property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary or punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## XI. SEVENTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. 1641(F)(2)
## AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. In this case obfuscation of the true owner of the note has occurred. Defendants failed to disclose and obfuscated the true owner of the note by direct request under TILA 15 U.S.C. 1641(f)(2). Section 404 of Public Law 111-22 in the Helping Families Save Their Homes Act (the "Act") by amending Section 131 of the Truth in Lending Act (15 USC § 1641)("TILA") to include a new provision (Section 131(g)) that requires the assignee of a mortgage loan to notify a consumer borrower that his loan has been transferred. This notice requirement became effective immediately upon the

President's signature on May 19th, 2009. A "mortgage loan" means "any consumer credit transaction that is secured by the principal dwelling of a consumer." 15 USC 1641(g)(2). Under TILA, a "dwelling" is a one-to-four family residential structure, including a manufactured home. Private right of action for violations of Section 131(f) of TILA (15 USC 1641(f)), which provides as follows: "Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address and telephone number of the owner of the obligation or the master servicer of the obligation." The statute does not provide a time period for compliance but the request should be made in a RESPA qualified written request which does have a timeframe for answering.

60.     After many abuses came to light, Senator Boxer sponsored this amendment, which sought to ensure that homeowners are apprised of the name, address and telephone number of the owner of their loan by making three separate changes in TILA: New §1641(g) requiring ownership information upon transfer of the ownership of the note; Explicitly creating a private right of action for violating §1641(g); and Explicitly endorsing a private right of action for violating §1641(f)(2). Adv. No 07-0031 in Philadelphia, Meyer v. Countrywide. Judge Raslovich had this to say about obfuscation of the true owner of the note: "Well I don't agree with that at all. I mean, frankly, I found your client's conduct reprehensible. And I don't know what portion of it is assignable to your firm. I think

the conduct was reprehensible. I think that you—it was a concerted action to lull them into inaction. All you had to do was tell them who owned it, and you obfuscated. Whether that was your decision, your client's decision, it was somebody's decision. It was a very misguided decision."

61.    While there is no specified timeframe to respond to a §1641(f)(2) request, there is a timeframe under RESPA and this request was made under RESPA. It is further clear that the intent is to create a private right of action if the party taking the property through foreclosure, does so without the disclosure of the true party interest.

62.    Although the language of 15 U.S.C. §1640 only explicitly imposes liability on creditors, Congress's addition of a reference to §1641(f) in 15 U.S.C. §1640 only has meaning if servicers are liable for violations of 15 U.S.C. §1641(f)(2), since 15 U.S.C. §1641(f) only applies to servicers. Lenders, Servicers, and Securitizers engaged in violation of RESPA and TILA provisions, while foreclosing without documentation of chain of title or disclosure of true parties in interest, combined with violations of securitization documents and insurer mandates for loss mitigation, constitute fraud on the Court and a fraud on the borrower. Servicers may often be providing this information to borrowers under §1641 (g) as agents of the owner. The Federal Reserve Board correctly recognizes in § 226.39(a)(1) that the reach of 1641(g) extends beyond the technical definition of "creditor" embodied in the Truth-in-Lending Act. The Board correctly uses "covered person" rather than "creditor" to describe

persons subject to the rule's requirements. While Congress used the word "creditor" to describe owners of the loans, its obvious intent was not to limit the new rule's application to the original lender on the mortgage.

WHEREFORE, Plaintiff prays for relief as set forth below.

## XII. EIGHTH CAUSE OF ACTION
## VIOLATION OF CA. BUS. & PROF. CODE §17200
## AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE

63.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.    California Business and Professions Code section 17200 prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Business and Professions Code section 17500, et seq.

65.    California Business and Professions Code section 17500, et seq. prohibits the making of a statement or a publication or declaration concerning any circumstances or matter of fact connected with the proposed performance or disposition of real or personal property, which pronouncement is untrue or misleading, and which if known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

66.    Defendants, and each of them, have committed acts of unfair business practices defined by California Business and Professions Code section 17200, et seq.

by engaging in acts and practices as alleged above, including but not limited to: continuously using bait and switch tactics; making loans without providing borrowers with sufficient, accurate and understandable information regarding the terms and conditions of the loans; and making loans without providing borrowers with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrowers; making loans based on income information they themselves fraudulently inflated.

67.   The acts all as alleged above violate California Business and Professions Code section 17200, et seq. in the manner alleged above, and, based on information and belief, in the following further respects: the conduct of Defendants, and each of them, threatens an incipient violation of various consumer protection statutes, or which violate the policy or spirit of such laws, including, but not limited to, California Business and Professions Code sections 10130 and 17500, California Civil Code sections 1709, 1710, 1711, 1770, 1920 and 1921.

68.   As a direct and proximate result of the aforementioned acts, by Defendants, and each of them, Plaintiff sustained damages in an amount not yet ascertained to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

///

## XIII. NINTH CAUSE OF ACTION
## INJUNCTIVE RELIEF
## AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE

69.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70.     Plaintiff is entitled to injunctive relief in this matter based upon the fact that any, and or, all of the Defendants that are attempting foreclosure on the property is the real party in interest in the foreclosure proceeding, nor can they be the real party in interest in defending this action. Only the real party in interest can prosecute or defend a lawsuit and moreover, only the real party in interest can proceed with a non-judicial foreclosure. Plaintiff is informed and believes and thereon alleges that neither of these Defendants are the holders of the note on the subject property. Therefore none of these Defendants had the right to proceed with the foreclosure on the property. The stockholders are the real party interest to this foreclosed note and deed of trust.

71.     Defendants and each of them have failed to make any good faith reasonable efforts to attempt to establish a mortgage workout plan between Plaintiff and Defendants. The net amount would be much greater to the lender this way. Simply there is not a reason why the Plaintiff should not be qualified. This would have worked out to Defendants' advantage and given them adequate protection of their interest in the property. Such failure and refusal to act in good faith by defendants is manifested by:

25

(1) Failure to follow California Civil Code section 2924, et. seq. in dealing with Plaintiff;

(2) Failure and refusal to comply with the fair debt collection practice laws of the State of California in attempting to collect a debt and the federal equivalent of said laws.

WHEREFORE, Plaintiff prays for relief as set forth below.

## XIV. TENTH CAUSE OF ACTION
## WRONGFUL EVICTION
## (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE)

74.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.   This cause of action shall remain open until the Plaintiff has been assured that Defendants will not attempt to file any unlawful detainer (eviction) matter upon execution of said trustee sale on December 31st, 2012.

## PRAYER

1.    For a declaration that the purported power of sale contained in the Deed of Trust has been rendered void and ineffective against the Subject Property, and that this entire foreclosure is null and void;

2.    For a declaration that the title to the Subject Property be re-conveyed to Plaintiff as the result of this foreclosure;

3.    For a judgment rescinding the note and deed of trust;

4.    For a declaration that Plaintiff is the prevailing party;

26

5.    For attorney's fees and costs of suit incurred herein;

6     For general, exemplary and special damages;

7.    For punitive damages; and

8     For such other and further relief as the Court deems just and proper.

Dated: December 31st, 2012

                              BLAKE WILSON LAW GROUP

                    By:       _____

                              Blake E. Wilson/Esq.
                              ATTORNEY FOR Plaintiff
                              Miguel Chavez

27

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>MIGUEL CHAVEZ, an Individual | DEFENDANTS<br>BANK OF AMERICA CORPORATION, a Delaware Corporation as Successor in Interest for COUNTRYWIDE HOME LOANS, INC., doing business as SEE ATTACHED |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Blake E. Wilson/Esq.<br>555 South Corona Mall<br>Corona, CA. 92879  (951) 880-1898 main# (951) 346-3360 fax# | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATION OF 15 U.S.C. 1641(F)(2

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☑ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number: _____  **SACV 13-00008 JST (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange    *Orange* | Delaware |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 31, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Blake E. Wilson, ESQ. SBN: 279672
BLAKE WILSON LAW GROUP
555 South Corona Mall
Corona, CA 92879
(951) 880-1867 Tel
(951) 346-3360 Fax
Email: bwilson@blakewilsonlawgroup.com

*Attorney for Plaintiff*
*Miguel Chavez*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MIGUEL CHAVEZ, an Individual,

    Plaintiff

    vs.

BANK OF AMERICA
CORPORATION, a Delaware
Corporation as Successor in Interest
for COUNTRYWIDE HOME
LOANS, INC., doing business as
RECONTRUST COMPANY, N.A.;

THE BANK OF NEW YORK, a
New York Corporation FKA THE
BANK OF NEW YORK MELLON
as Successor Trustee to
JPMORGAN CHASE BANK, N.A.,
as Trustee for the Holders OFSAMI
II TRUST 2006-AR7,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-
AR7;

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., a Delaware Corporation;

CASE NO:

**VERIFIED COMPLAINT**

1. DECLARATORY RELIEF (VOID OR VOIDABLE CONTRACT)
2. FRAUD
3. WILLFUL AND OPPRESSIVE FORECLOSURE
4. SLANDER OF TITLE
5. QUIET TITLE
6. CANCELLATION OF TRUSTEE DEED UPON SALE UNDER CCP § 3412
7. VIOLATION OF 15 U.S.C. 1641(F)(2)
8. VIOLATION OF CA. BUS. & PROF. CODE §17200
9. INJUNCTIVE RELIEF
10. WRONGFUL EVICTION

**JURY TRIAL REQUESTED**

1

DOES 1 THROUGH 100 )
INCLUSIVE, )
)
         Defendants )

## I. COMPLAINT

Plaintiff, MIGUEL CHAVEZ, hereby files this Complaint for DECLARATORY RELIEF (VOID OR VOIDABLE CONTRACT), FRAUD, WILLFUL AND OPPRESSIVE FORECLOSURE, SLANDER OF TITLE, QUIET TITLE, CANCELLATION OF TRUSTEE DEED UPON SALE UNDER CCP §3412, VIOLATION OF 15 U.S.C. 1641(F)(2), VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, INJUNCTIVE RELIEF and WRONGFUL EVICTION, against BANK OF AMERICA CORPORATION, a Delaware Corporation as Successor in Interest for COUNTRYWIDE HOME LOANS, INC., doing business as RECONTRUST COMPANY, N.A. (hereinafter referred to as BOFA); THE BANK OF NEW YORK, a New York Corporation; FKA THE BANK OF NEW YORK MELLON as Successor Trustee to JPMORGAN CHASE BANK, N.A., as Trustee for the Holders OFSAMI II TRUST 3006-AR7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR7 (hereinafter referred to as BNY); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation (hereinafter referred to as MERS); AND DOES 1 THROUGH 100 INCLUSIVE. This lawsuit is in connection with the real property located at 23605 Via Aguila, Trabuco Canyon, CA 92679 and the underlying mortgage loan (the Subject Property).

2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV13- 8 JST (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Blake E. Wilson, ESQ. SBN: 279672
BLAKE WILSON LAW GROUP
555 South Corona Mall
Corona, CA 92879
(951) 880-1898 - Tel
(951) 346-3360 - Fax

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CHAVEZ, an Individual; <br><br> PLAINTIFF(S) <br><br> v. <br><br> BANK OF AMERICA CORPORATION, a Delaware Corporation as Successor in Interest for SEE ATTACHED <br><br> DEFENDANT(S). | **CASE NUMBER** <br><br> **SACV 13-00008 JST (RNBx)** <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Blake E. Wilson, Esq._____, whose address is _555 South Corona Mall, Corona, CA 92879_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    JAN _ 2 2013

By:  _____
                 Deputy

            (Seal of the Court)
                1225

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Blake E. Wilson, ESQ. SBN: 279672
BLAKE WILSON LAW GROUP
555 South Corona Mall
Corona, CA 92879
(951) 880-1867 Tel
(951) 346-3360 Fax
Email: bwilson@blakewilsonlawgroup.com

*Attorney for Plaintiff*
*Miguel Chavez*

# UNITED STATES DISTRICT COURT
## CENTRAL  DISTRICT OF CALIFORNIA

MIGUEL CHAVEZ, an Individual,

    Plaintiff

    vs.

BANK OF AMERICA
CORPORATION, a Delaware
Corporation as Successor in Interest
for COUNTRYWIDE HOME
LOANS, INC., doing business as
RECONTRUST COMPANY, N.A.;

THE BANK OF NEW YORK, a
New York Corporation FKA THE
BANK OF NEW YORK MELLON
as Successor Trustee to
JPMORGAN CHASE BANK, N.A.,
as Trustee for the Holders OFSAMI
II  TRUST 2006-AR7,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-
AR7;

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., a Delaware Corporation;

CASE NO:

**VERIFIED COMPLAINT**

1. DECLARATORY RELIEF (VOID OR VOIDABLE CONTRACT)
2. FRAUD
3. WILLFUL AND OPPRESSIVE FORECLOSURE
4. SLANDER OF TITLE
5. QUIET TITLE
6. CANCELLATION OF TRUSTEE DEED UPON SALE UNDER CCP § 3412
7. VIOLATION OF 15 U.S.C. 1641(F)(2)
8. VIOLATION OF CA. BUS. & PROF. CODE §17200
9. INJUNCTIVE RELIEF
10. WRONGFUL EVICTION

**JURY TRIAL REQUESTED**

1

DOES 1 THROUGH 100  )
INCLUSIVE,  )
      Defendants  )

## I. COMPLAINT

Plaintiff, MIGUEL CHAVEZ, hereby files this Complaint for DECLARATORY RELIEF (VOID OR VOIDABLE CONTRACT), FRAUD, WILLFUL AND OPPRESSIVE FORECLOSURE, SLANDER OF TITLE, QUIET TITLE, CANCELLATION OF TRUSTEE DEED UPON SALE UNDER CCP §3412, VIOLATION OF 15 U.S.C. 1641(F)(2), VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, INJUNCTIVE RELIEF and WRONGFUL EVICTION, against BANK OF AMERICA CORPORATION, a Delaware Corporation as Successor in Interest for COUNTRYWIDE HOME LOANS, INC., doing business as RECONTRUST COMPANY, N.A. (hereinafter referred to as BOFA); THE BANK OF NEW YORK, a New York Corporation; FKA THE BANK OF NEW YORK MELLON as Successor Trustee to JPMORGAN CHASE BANK, N.A., as Trustee for the Holders OFSAMI II TRUST 3006-AR7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR7 (hereinafter referred to as BNY); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation (hereinafter referred to as MERS); AND DOES 1 THROUGH 100 INCLUSIVE. This lawsuit is in connection with the real property located at 23605 Via Aguila, Trabuco Canyon, CA 92679 and the underlying mortgage loan (the Subject Property).